IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEFFER DEVELOPMENT SERVICES, LLC, | : | CIVIL DIVISION |
| Plaintiff, | : | No. |
| v. | : | **COMPLAINT** |
| THE HARTFORD INSURANCE GROUP, INC., | : | *Filed on behalf of Plaintiff*: |
| Defendant. | : | KEFFER DEVELOPMENT SERVICES, LLC. |
| | : | *Counsel of Record for this Party*: |
| | : | Thomas W. King, III<br>PA. I.D. No. 21580<br>tking@dmkcg.com |
| | : | Jordan P. Shuber<br>PA. I.D. No. 317823<br>jshuber@dmkcg.com |
| | : | Carl A. Fejko<br>PA. I.D. No. 331216<br>cfejko@dmkcg.com |
| | : | **DILLON McCANDLESS KING COULTER & GRAHAM, LLP**<br>128 West Cunningham Street<br>Butler, PA 16001<br>Telephone: (724) 283-2200<br>Facsimile: (724) 283-2298 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEFFER DEVELOPMENT SERVICES, LLC, | : : : | CIVIL DIVISION |
| Plaintiff, | : : : | No. |
| v. | : : : | |
| THE HARTFORD INSURANCE GROUP, INC., | : : : : | |
| Defendant. | : : : : | |

## COMPLAINT

Plaintiff, Keffer Development Services, LLC, by and through the undersigned legal counsel file the within Complaint averring in support thereof, as follows:

### PARTIES

1. Plaintiff, Keffer Development Services, LLC, (hereinafter referred to as "Keffer"), is a Pennsylvania-based limited liability company with a principal place of business at 24 Village Park Drive, Grove City, Pennsylvania 16127.

2. Defendant, The Hartford Insurance Group, Inc., (hereinafter referred to as "Hartford"), is a Connecticut-based insurance company with a principal place of business at One Hartford Plaza, Hartford, Connecticut 06155 and is incorporated in Delaware.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiff and Defendant.

4. Venue is proper under 28 U.S.C. § 1391 because Plaintiff resides within the Western District of Pennsylvania and because the events giving rise to the claims occurred within the Western District of Pennsylvania.

5. The amount in controversy exceeds $75,000.00, as Plaintiff seeks compensatory, nominal, and punitive damages, along with legal fees and costs in an amount greater than $75,000.00.

6. This action also seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 for the purpose of determining an actual controversy between the parties.

**A.  Hartford's Policy Provides Coverage to Keffer Development Services for Bodily Injury Taking Place During Coverage and No Applicable Exclusion Applies.**

7. Hartford issued Policy No. 40 SBA PK1447, which includes Umbrella Liability Coverage at SX 80 02 04 05, effective July 2, 2014, to July 2, 2025 (hereinafter referred to as the "Hartford Policy") to Keffer Development Services, LLC. *See* Hartford Policy attached as Exhibit "A".

8. Pursuant to the insuring agreement set forth in the Business Liability Coverage Form (hereinafter referred to as "BLCF"), the Hartford Policy provides coverage for, and Hartford has a duty to defend, claims alleging "bodily injury" caused by an "occurrence" that takes place in in the "coverage territory".

9. Pursuant to the definitions in the BLCF from Hartford, "bodily injury" is defined as "physical a). Injury; b). Sickness; or c). Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

*See* Ex. A, p. 77.

    10. Pursuant to the definitions in the BLCF from Hartford, "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Ex. A, p. 78.

    11. Pursuant to the definitions in the BLCF from Hartford, "coverage territory" means "[t]he United States of America (including its territories and possessions), Puerto Rico and Canada." *See* Ex. A, p. 77-78.

    12. There also is a "Technology Services Extension" endorsement that amends exclusion B.1.j Professional Services from denying "'bodily injury', 'property damage' or 'personal and advertising injury' arising out of the rendering or failure to provide any professional service" to "[t]his exclusion does not apply to 'bodily injury' or 'property damage' arising out of the insured's 'technology services'. *See* Ex. A., p. 63, 127.

    13. Pursuant to the definitions in the "Technology Services Extension" endorsement from Hartford, "technology services" means:

> any of the following services performed for others: a. Consulting, analysis, design, installation, training, maintenance, support and repair of or on: software, wireless applications, firmware, shareware, networks, systems hardware, devices or components; b. Integration of systems; c. Processing of, management of, mining or warehousing of data; d. Administration, management, operation or hosting of another party's systems, technology or computer facilities; e. Website development or website hosting; f. Internet access services; intranet, extranet or electronic information connectivity services; software application connectivity services; g. Manufacture, sale, licensing, distribution or marketing of: software, wireless applications, firmware, shareware, networks, systems, hardware, devices or components; h. Design and development of: code, software or programming; and i. Providing software application services, rental or leasing.

*See* Ex. A, p. 127-128.

14. Furthermore, there is a "Personal and Advertising Injury Exclusion – Limited" endorsement that amends the BLCF to include "personal and advertising injury" coverage for "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor." *See* Ex. A, p. 153.

15. Keffer is a technology services provider who operates the electronic medical record software known as ATS.

16. The ATS program is designed for Athletic Trainers to store and access electronic health records of athletes, students, and employees.

17. The ATS program is utilized by numerous universities throughout the United States.

18. There are no exclusions applicable that would warrant a denial of coverage since this incident was reported during the Hartford Policy's effective period.

**B.   The Lawsuits Initiated Against Keffer Development Services Relative to Bodily Injury Caused by Matthew Weiss's Actions.**

19. Eleven (11) lawsuits (hereinafter referred to as "Lawsuits") have been filed in multiple federal courts against various universities, Keffer Development Services, and Matthew Weiss[1]. The lawsuits in Eastern District of Michigan are docketed at 2:25-cv-10806; 2:25-cv-10855; 2:25-cv-10870; 2:25-cv-10876; 2:25-cv-10946; 2:25-cv-10951; 2:25-cv-10999; and 2:25-cv-10988. In addition to the Michigan lawsuits, there are lawsuits docketed in the Central District of California at 5:25-cv-00997 (now discontinued), Northern District of Illinois at 1:25-cv-04233, District of Massachusetts at 1:25-cv-11151, Middle District of North

---

[1] Hartford only issued a denial for five (5) cases, it is not clear why the other cases were not considered in this denial but should Hartford deny the additional claims, the Keffer will amend its pleading accordingly.

Carolina at 1:25-cv-00303, and Northern District of Ohio at 5:25-cv-00827.

20. While the Complaints are styled differently, they all largely allege Keffer is the technology vendor operating the electronic medical record software known as ATS. The ATS system is used by university athletic trainers to store information about student athletes' health.

21. It is alleged in the Complaints that Matthew Weiss gained access to ATS through other university employees' credentials and through that access, obtained students' password information.

22. Weiss then used the password information to login to those students' social media and cloud accounts where he obtained sensitive intimate private images, information, and videos. Many of these images and videos are sexual in nature.

23. The ATS program is designed for Athletic Trainers to store and access electronic health records of athletes, students, and employees.

24. The ATS program is utilized by numerous universities throughout the United States.

25. Due to Weiss' actions, claims brought against Keffer Development Services are for Violation of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030, Violation of Title IX – 20 U.S.C. § 1681(A) et seq., Violations of the Stored Communications Act, Violations of the MCL § 600.2919a, Violation of the Michigan Identity Theft Protection Act – MCL 445.61 et seq. *See* Compl. 2:25-cv-10855.

26. Since these claims are class actions, they allege damages in a broad and general fashion but do indicate that Plaintiffs' safety was disregarded and that the Plaintiffs are humiliated and distressed.

27. Many of the alleged damages may include damages for physical bodily injury

suffered.

    28. Examples of the types of damages claims are as follows:

        a. Specifically, the Complaint at 2:25-cv-10876, Paragraph 113 alleges that Keffer's breach of its duties "caused Plaintiff and members of the Class actual, tangible, injury-in-fact and damages, which injury-in-fact and damages are ongoing, imminent, immediate, and which they continue to face."

        b. Complaint 2:25-cv-10951, Paragraph 117 alleges that "Keffer's failure to abide by [regulations] caused Plaintiff and the Class damages."

        c. Complaint 2:25-cv-10855, Paragraph 70 alleges that "Defendants' negligence is highly confidential, personal, and distressing when exposed without authorization, causing humiliation and embarrassment."

        d. Furthermore, Complaint 2:25-cv-10855, Paragraph 91 alleges that "[t]he Non-Individual Defendants were long aware that the type of data Weiss accessed was expected to remain private and that any breach would cause significant harm."

        e. Complaint 2:25-cv-10946, Paragraph 295 alleges "Plaintiffs and those similarly situated have incurred significant monetary and nonmonetary damages as a result of Defendants' actions, and should be awarded damages accordingly."

        f. Complaint 2:25-cv-10806, Paragraph alleges "Plaintiffs and others similar to them entrusted the Regents and the University's authorization to and entrustment to Keffer would keep them *safe* and their private

     images and information private." (emphasis added.)

   g. Additionally, Complaint 2:25-cv-10806, Paragraph 198 alleges that "Plaintiffs have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages."

 29. Therefore, bodily injury damages cannot be ruled out as a part of these Complaints against Keffer, and it logically flows that while only physical bodily injury is covered by the Hartford Policy, that physical bodily injury is part of the damages Plaintiffs are claiming.

 30. There is no indication in the damages alleged that these damages do not encompass physical bodily injury.

**C.** **The Lawsuits Initiated Against Keffer Relative to Personal and Advertising Injury for Invasion of the Right of Private Occupancy of a Premises.**

 31. The eleven (11) Lawsuits initiated against Keffer allege that Weiss gained access to Keffer's ATS system and used the passwords obtained from it to mine account users' information, images and videos.

 32. The places where the Plaintiffs' passwords are stored are on a server which Keffer maintains on site at Keffer Development Services located at 24 Village Park Drive, Grove City, Pennsylvania 16127.

 33. The intrusion by Weiss into Keffer's servers where student-athlete account users occupied space constitutes a "wrongful entry into, or invasion of the right of private occupancy of a … premises that the person occupies." Ex. A, p. 153.

 34. The Plaintiffs' in these Lawsuits had a right to occupy the server space, which is located on Keffer's premises, and Weiss is alleged to have hacked into those server spaces by utilizing the ATS system owned by Keffer.

35. Since the ATS system occupies Keffer's premises, any intrusion into Keffer's ATS system where Plaintiffs' information was stored would be considered to be a "wrongful entry into, or invasion of the right of private occupancy of a room…premises that the person occupies, committed by or on behalf of its owner…" Ex. A, p. 153.

36. The Plaintiffs had an expectation that the space they stored their information at would be private and that the "premises" where the information was stored would be free from wrongful entry or invasion of the right of private occupancy.

37. Since the allegations in the Lawsuits allege that the Plaintiffs' information was accessed by Weiss and they utilized the ATS system, Hartford has a duty to defend and indemnify Keffer.

D. **Keffer Reported the Lawsuits to Hartford and Hartford Denied Coverage to Keffer Relative to the Lawsuit.**

38. Keffer informed Quen Minnitt at the Hartford of all eleven (11) claims against Keffer on May 1, 2025.

39. Hartford then issued a "denial letter" on May 21, 2025, denying coverage as to only the Eastern District of Michigan's cases at 2:25-cv-10876, 2:25-cv-10951, 2:25-cv-10855, 2:25-cv-10946 and 2:25-cv-10806. *See* Hartford Denial Letter attached as Exhibit "B".

40. Hartford denied coverage on the basis that "the Matter does not allege damages because of physical injury, sickness, or disease sustained by a person caused by an accident, nor does it allege physical injury to or loss of use of tangible property caused by an accident." Ex. B, p. 4.

41. The Denial Letter largely focuses on excluding coverage for "personal and advertising injury," however, bodily injury is not discussed in detail.

42. Hartford has noted in its Denial Letter that exclusion B.1.a. applies which denies coverage for "'[b]odily injury' … expected or intended from the standpoint of the insured."

43. This exclusion does not apply to these Complaints.

44. Keffer did not expect its system, which houses student athlete health information, to be used by a rogue university employee who would password mine students' ATS accounts to intimate private images and videos not kept on the ATS system.

45. Notably, based on the Complaints in their entirety, it cannot be ruled out that physical bodily injury has been sustained. The damages alleged are left broad and the injuries suffered are sparse.

46. Hartford cannot rule out that physical bodily injury has not been suffered by the class members based on claims that embarrassment, humiliation and failure to keep students safe.

47. Some of the students may have experienced physical bodily injury from discovering that their most intimate images and moments have been taken from them and exposed.

48. There was no reasonable basis for Hartford to deny coverage to Keffer under the Hartford Policies.

## COUNT I
## DECLARATORY JUDGMENT

49. Keffer incorporates by reference thereto the allegations set forth in the preceding Paragraphs of this Complaint as though the same were fully set forth herein in their entirety.

50. The claims asserted against Keffer in the Lawsuits seek to recover for damages stemming from "bodily injury" as the result of the breach of students' intimate and private images and videos, which constitutes an "occurrence" and has occurred within the "coverage

territory".

51. There is no exclusion in the Hartford Policy that would preclude coverage for "bodily injury" caused by the exposure of the Plaintiffs' intimate images, videos, and information.

52. Accordingly, the Complaints filed allege a potentially covered claim sufficient to trigger a duty to defend the entirety of the Lawsuits under the Hartford Policy.

53. Furthermore, the claims asserted against Keffer allege Weiss gained access to Keffer's ATS system and used the passwords obtained from it to mine account users' information, images and videos.

54. By Weiss gaining access to students' accounts which were stored on Keffer's servers at their location, coverage is afforded to Keffer under the Personal and Advertising Exclusion – Limited endorsement because Weiss is alleged to have made a wrongful entry and/or invasion of the right of private occupancy of a premises, i.e. Keffer's serves stored on Keffer's property.

55. This wrongful entry or invasion of the right of private occupancy is alleged to have occurred through the ATS system owned by Keffer.

56. Because the claims and damages sought in the Lawsuits are covered by the Hartford Policy, Hartford has a duty to defend and indemnify Keffer in the lawsuit.

WHEREFORE, Keffer Development Services, LLC, respectfully requests that this Court enter an Order declaring the following:

> (a) Hartford has a duty to defend Keffer in the Lawsuits docketed in the Eastern District of Michigan at 2:25-cv-10806; 2:25-cv-10855; 2:25-cv-10870; 2:25-cv-10876; 2:25-cv-10946; 2:25-cv-10951; 2:25-cv-10999; and 2:25-cv-10988, and docketed in the Central District of California at 5:25-cv-00997, Northern District of Illinois

       at 1:25-cv-04233, District of Massachusetts at 1:25-cv-11151, Middle District of North Carolina at 1:25-cv-00303, and Northern District of Ohio at 5:25-cv-00827;

(b) Hartford has a duty to indemnify Keffer in the Lawsuits docketed in Eastern District of Michigan at 2:25-cv-10806; 2:25-cv-10855; 2:25-cv-10870; 2:25-cv-10876; 2:25-cv-10946; 2:25-cv-10951; 2:25-cv-10999; and 2:25-cv-10988 and docketed in the Central District of California at 5:25-cv-00997, Northern District of Illinois at 1:25-cv-04233, District of Massachusetts at 1:25-cv-11151, Middle District of North Carolina at 1:25-cv-00303, and Northern District of Ohio at 5:25-cv-00827;

(c) Counsel fees associated with this action.

(d) Such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

57. Keffer incorporates by reference thereto the allegations set forth in the preceding Paragraphs of this Complaint as though the same were fully set forth herein in their entirety.

58. Keffer has a valid insurance policy with Hartford for business liability coverage. Ex. A.

59. Hartford has breached the Hartford Policy by denying coverage when bodily injury may exist which provides coverage.

60. The claims asserted against Keffer in the Lawsuits seek to recover for damages which may stem from "bodily injury" as a result of Weiss's infiltration of students' personal images and videos which has caused them to suffer humiliation, embarrassment, and all types of damages, which constitutes an "occurrence" and has occurred in the "coverage territory."

61. These claims may encompass damages for "bodily injury".

62. Additionally, the "intended or expected exclusion" does not apply to deny

coverage because Keffer cannot be said to have expected that its software would be used to obtain intimate images and videos of student athletes from their social media and cloud accounts.

63. The Complaints filed are also not excluded by the Professional Services Exclusion as the "Technology Services Extension" endorsement in the Hartford Policy amends and covers bodily injury arising from Keffer's services.

64. Furthermore, the claims asserted against Keffer allege Weiss gained access to Keffer's ATS system and used the passwords obtained from it to mine account users' information, images and videos.

65. By Weiss gaining access to students' accounts which were stored on Keffer's servers at their location, coverage is afforded to Keffer under the Personal and Advertising Exclusion – Limited endorsement because Weiss is alleged to have made a wrongful entry and invasion of the right of private occupancy of a premises, i.e. Keffer's serves stored on Keffer's property.

66. This wrongful entry or invasion of the right of private occupancy is alleged to have occurred through the ATS system, owned by Keffer, by Weiss.

67. Because the claims and damages sought in the Lawsuits are covered by the Hartford Policy, Hartford has a duty to defend and indemnify Keffer in the lawsuit.

68. By denying defense and indemnity to Keffer under the Hartford Policy, Hartford has breached its respective duties as imposed by the Hartford Policy.

69. The breach of the Hartford Policy by Hartford is the proximate cause of Keffer's damages.

WHEREFORE, Keffer Development Services, LLC, requests that judgment be

entered in its favor and against Hartford in the form of:

    (a) Monetary damages in excess of $75,000;

    (b) Interest permitted by law;

    (c) Counsel fees associated with this action;

    (d) The costs and expenses incurred by Keffer in connection with its defense of the Lawsuits docketed in the Eastern District of Michigan at 2:25-cv-10806; 2:25-cv-10855; 2:25-cv-10870; 2:25-cv-10876; 2:25-cv-10946; 2:25-cv-10951; 2:25-cv-10999; and docketed in the Central District of California at 5:25-cv-00997, Northern District of Illinois at 1:25-cv-04233, District of Massachusetts at 1:25-cv-11151, Middle District of North Carolina at 1:25-cv-00303, and Northern District of Ohio at 5:25-cv-00827;

    (e) Any damages Keffer may be ordered to pay for any liability that it may have in the Lawsuits docketed in the Eastern District of Michigan at 2:25-cv-10806; 2:25-cv-10855; 2:25-cv-10870; 2:25-cv-10876; 2:25-cv-10946; 2:25-cv-10951; 2:25-cv-10999; and 2:25-cv-10988 and docketed in the Central District of California at 5:25-cv-00997, Northern District of Illinois at 1:25-cv-04233, District of Massachusetts at 1:25-cv-11151, Middle District of North Carolina at 1:25-cv-00303, and Northern District of Ohio at 5:25-cv-00827;

    (f) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

By: /s/ Thomas W. King, III

Thomas W. King, III
PA. I.D. No. 21580
tking@dmkcg.com

Jordan P. Shuber
PA. I.D. No. 317823
jshuber@dmkcg.com
Carl A. Fejko
PA. I.D. No. 331216
cfejko@dmkcg.com
128 West Cunningham Street
Butler, PA 16001
Telephone: (724) 283-2200
Facsimile: (724) 283-2298
(Attorneys for Plaintiff, Keffer Development Services, LLC)
