

THE HARTFORD
WESTERN GL OFFICE
PO BOX 14263
LEXINGTON KY 40512

May 21, 2025

*SENT VIA E-MAIL AND STANDARD U.S. MAIL*

Email: rhett@kefferdevelopment.com
Keffer Development Services LLC
Rhett Keffer
24 Village Park Dr
Grove City, PA 16127

|  |  |
|---|---|
| **Lawsuits:** | *Jane Doe on behalf of herself and others similarly situated, v. The University of Michigan Board of Regents, et al.* In the U.S. District court for the Eastern District of Michigan; Case No. 2:25-cv-10876-MAG-DRG. |
|  | *Jane Doe on behalf of herself and others similarly situated, v. The University of Michigan Board of Regents, et al.* In the U.S. District court for the Eastern District of Michigan; Case No. 2:25-cv-10951-MAG-DRG. |
|  | *Jane Doe 1, et al., v. Matthew Weiss, et al.* In the U.S. District Court, Eastern District of Michigan, Southern Division; Case No. 2:25-cv-10855-MAG-DRG. |
|  | *Jane Doe 1, et al. vs. The Regents of the University of Michigan, et al.* In the U.S. District Court, Eastern District of Michigan, Southern Division; Case No. Case 2:25-cv-10946-JJCG-CI. |
|  | *Jane Do 1, et al. v. Matthew Weiss, et al.* In the U.S. District Court for the Eastern District of Michigan, Southern Division; Case No. Case 2:25-cv-10806-MAG-DRG. |
| **Policyholder:** | Keffer Development Services LLC |
| **Policy Number:** | 40 SBA PK1447 |
| **Claim Number:** | GL0020919775 |

Dear Rhett Keffer ,

This letter serves as Hartford Casualty Insurance Company's (hereinafter "The Hartford") response to Keffer Development Services LLC's (hereinafter "KDS")  request for coverage in connection with the above-referenced Lawsuits (hereinafter the "Matter"). Based on our review of the allegations of the Matter, the language of the potentially applicable policy of insurance and information provided, The Hartford has determined that it does not have an obligation to provide either defense or indemnity to KDS for the Matter for the reasons explained below.

If you are not the appropriate point of contact for correspondence relating to this request for coverage, please immediately forward this correspondence to the appropriate contact and notify the undersigned. Additionally, if you disagree, or have questions regarding The Hartford's determination below, please contact me immediately.

**The Matter**

A review of the Lawsuits indicates that plaintiffs contend that KDS developed and maintained the electronic medical record system known as The Athletic Trainer System ("ATS") which was designed to store protected health information belonging to student athletes. Between 2015 and 2023, it is alleged that former University of Michigan football coach Matthew Weiss gained access into thousands of online accounts belonging to female student athletes and downloaded intimate photos and videos of them, as well as other private sensitive information. The plaintiffs contends that KDR failed to implement security standards to protect the students' private sensitive info and failed to monitor Weiss' activity. The Lawsuits include various counts including violation of the Computer Fraud and

Abuse Act – 18 U.S.C. § 1030, violations of Stored Communication Act, violation of Title IX, 20 U.S.C. § 1681(A) Et Seq., violation of Civil Rights under 42 U.S.C. § 1983 – State Created Danger, violation of Michigan Identity Theft Protection Act – MCL 445.61 et. seq., failure to train and supervise 42 U.S.C. § 1983, invasion of privacy intrusion upon seclusion, negligence and breach of implied contract.

We understand the above allegations are presently unsubstantiated and that you may well dispute them; however, we must address coverage as it applies to the allegations that have been asserted in the Matter. Please note that nothing in this letter is intended to suggest that the allegations have any factual or legal merit.

**The Policy**

With respect to the allegations of the Matter, The Hartford issued policy 40 SBA PK1447 to Keffer Development Services LLC for the potentially relevant consecutive annual policy periods from July 2, 2014 to July 2, 2025 (hereinafter the "Policy"). The Policy contains Business Liability Coverage. For coverage in effect from May 24, 2021 to July 2, 2025, the Policy also contains Umbrella Liability Coverage which will be discussed separately below.

Throughout the Policy, words and phrases that appear in quotation marks are defined terms that have specific meaning. Please note that "you" and "your" refer to the Named Insured on the Policy and the terms "we", "us" and "our" refer to The Hartford.

For your convenience, we have set forth below certain policy provisions. Please note, however, that this is only a partial recitation of the terms, conditions, exclusions, and definitions and is not intended to supplement, amend, supersede, or otherwise alter the policy language. The Hartford does not intend to waive any policy provisions. Please consult the policy language in your copy of the Policy for all the terms, conditions, exclusions, and definitions contained therein.

**Business Liability Coverage**

Business Liability Coverage is provided pursuant to BUSINESS LIABILITY COVERAGE FORM SS 00 08 04 05, as modified in relevant part by BUSINESS LIABILITY COVERAGE FORM AMENDATORY ENDORSEMENT SS 00 60 09 15 and PERSONAL AND ADVERTISING INJURY EXCLUSION – LIMITED SS 50 50 12 01.

The Business Liability Coverage provides the following language, quoted in relevant part:

> **A.  COVERAGES**
> **1.  BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
> *Insuring Agreement*
> *a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*
> *We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:*
> *(1)  The amount we will pay for damages is limited as described in Section **D.** - Liability And Medical Expenses Limits Of Insurance; and*
> *(2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.*
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.*

      **b.**    This insurance applies:
           **(1)**    To "bodily injury" and "property damage" only if:
                **(a)**    The "bodily injury or "property damage is caused by an "occurrence" that takes place in the "coverage territory";
                **(b)**    The "bodily injury" or "property damage" occurs during the policy period; and
                […]
           **(2)**    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

The Business Liability Coverage provides the following relevant definitions:

      **1.**    *"Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:*
           ***a.***    *(1) Radio;*
                *(2) Television;*
                *(3) Billboard;*
                *(4) Magazine;*
                *(5) Newspaper*
           ***b.***    *The Internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or*
           ***c.***    *Any other publication that is given widespread public distribution.*
           *However, "advertisement" does not include:*
           ***a.***    *The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or*
           ***b.***    *An interactive conversation between or among persons through a computer network.*

      **2.**    *"Advertising idea" means any idea for an "advertisement".*

      **5.**    *"Bodily injury" means physical:*
           ***a.***    *Injury;*
           ***b.***    *Sickness; or*
           ***c.***    *Disease*
           *sustained by a person and, if arising out of the above, mental anguish or death at any time.*

      **16.**    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions*

      **17.**    *"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:*
           ***a.***    *False arrest, detention or imprisonment;*
           ***b.***    *Malicious prosecution;*
           ***c.***    *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor [as modified by SS 00 60 09 15];*
           ***d.***    *Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
           ***e.***    *Oral, written or electronic publication of material that violates a person's right of privacy;*

> *f.* *Copying, in your "advertisement" a person's or organization's "advertising idea" or style of "advertisement";*
> *g.* *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"[.]*
> *h.* *[deleted by SS 00 60 09 15]*
>
> *20.* *"Property damage" means:*
> *a.* *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
> *b.* *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*
>
> *As used in this definition, "electronic data" is not tangible property.*

In order to potentially come within the scope of the insuring agreement of the Business Liability Coverage there must be allegations of damages because of "bodily injury" or "property damage" caused by an "occurrence," which occur during the policy period, or allegations of "personal and advertising injury" caused by an offense, which was committed during the policy period. No policy exclusion or other condition barring coverage may apply.

As an initial issue, the Matter does not allege "bodily injury" or "property damage" caused by an "occurrence" as these terms are defined in the Business Liability Coverage. Specifically, the Matter does not allege damages because of physical injury, sickness; or disease sustained by a person caused by an accident, nor does it allege physical injury to or loss of use of tangible property caused by an accident. Therefore, The Hartford denies coverage on this basis.

The Business Liability Coverage also contains a definition of "personal and advertising injury" which specifies certain enumerated offenses. However, "personal and advertising injury" coverage under the Business Liability Coverage has been limited under the Policy pursuant to the PERSONAL AND ADVERTISING INJURY EXCLUSION – LIMITED endorsement. The endorsement reads as follows:

> ***PERSONAL AND ADVERTISING INJURY EXCLUSION – LIMITED***
>
> *This endorsement modifies insurance provided under the following:*
>
> ***BUSINESS LIABILITY COVERAGE FORM***
>
> *This insurance does not apply to "personal and advertising injury" and none of the references to "personal and advertising injury" in the policy apply.*
>
> *This exclusion does not apply to "personal and advertising injury" arising out of the following offenses:*
>
> *a.* *False arrest, detention or imprisonment;*
>
> *b.* *Malicious prosecution;*
>
> *c.* *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.*

Under this endorsement, the Business Liability Coverage does not apply to "personal and advertising injury" and none of the references to "personal and advertising injury" in the Policy apply. The exception to this limitation of coverage is for "personal and advertising injury" arising out of **(a)** false arrest, detention or imprisonment; **(b)** malicious prosecution; or **(c)** the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor. As noted earlier in this correspondence, the Matter involves allegations of right of privacy and negligence. The allegations of the Matter do not fall within an enumerated "personal and advertising injury" offense, as defined above and form part of the PERSONAL AND ADVERTISING INJURY EXCLUSION – LIMITED endorsement. As such, there is no coverage under the "personal and advertising injury" provisions of the Business Liability Coverage. The Hartford denies coverage under this basis.

Even if the Matter did seek damages because of "bodily injury" or "property damage" caused by an "occurrence" or an enumerated "personal and advertising injury" offense, the Business Liability Coverage contains the following exclusionary language that would act to limit or preclude coverage, quoted in relevant part as follows:

> **B. EXCLUSIONS**
> **1. Applicable To Business Liability Coverage**
> This insurance does not apply to:
> **a. Expected Or Intended Injury**
> **(1)** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or
> **(2)** "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".
>
> **b. Contractual Liability**
> **(1)** "Bodily injury" or "property damage"; or
> **(2)** "Personal and advertising injury"
> for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement...
>
> **j. Professional Services**
> "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:
>
> **(11)** Computer consulting, design or programming services, including web site design.
>
> **p. Personal And Advertising Injury**
> "Personal and advertising injury":
> **(1)** Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;
> **(2)** Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period;
> **(4)** Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement";
> **(5)** Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";
> **(8)** Arising out of an offense committed by an insured whose business is:
> **(a)** Advertising, broadcasting, publishing or telecasting;
> **(b)** Designing or determining content of web sites for others; or
> **(c)** An Internet search, access, content or service provider. However, this exclusion does not apply to Paragraphs a., b. and c. of the definition of "personal and advertising injury" under the Definitions Section.

MT00057

*For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting [as modified by SS 00 60 09 15].*

  **(11)**  *Arising out of the violation of a person's right of privacy created by any state or federal act.*
    *However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;*

  **(15)**  *Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
    *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost, or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information [as modified by SS 00 60 09 15].*

 **q.**  **Access or Disclosure of Confidential or Personal Information and Data-related Liability**
  **(1)**  *Damages, other than damages because of "personal and advertising injury", arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or*

*This exclusion applies even if the damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.*

*However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".*

*As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment.  The term computer programs referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable to computer or device to receive, process, store, retrieve or send data [as modified by SS 00 60 09 15].*

 **t.**  **Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**
  "Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

  **(3)**  *Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending,*

MT00057

> *transmitting, communicating or distribution of material or information.*

As noted above, the Business Liability Coverage additionally precludes coverage for "personal and advertising injury" or other damages arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. Coverage is further precluded for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act. The Matter alleges violations of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030, Stored Communication Act, HIPPA and Michigan Identity Theft Protection Act – MCL 445.61 et. seq., arising from access to protected health information belonging to student athletes. In light of these allegations, exclusions **p.(11), p.(15)** and **q.** further bars coverage for the Matter.

The Business Liability coverage does not provide coverage for any "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information. As the Lawsuits contend that KDR failed to implement security standards to protect the students' private sensitive info and failed to monitor Weiss' activity resulting in violations of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030, Stored Communication Act, and Michigan Identity Theft Protection Act – MCL 445.61 et. seq., and HIPPA, any potential resulting damages would be further precluded pursuant to exclusion **t.** of the Business Liability Coverage.

The Business Liability Coverage also excludes coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement". As the plaintiffs assert that KDS internal policies recognized KDS' obligation to protect the plaintiffs' confidential information, but that KDS failed to provide promised security, exclusion **p.(5)** may further bar coverage for the matter.

Furthermore, the Business Liability Coverage does not provide coverage for any "bodily injury", "property damage" or "personal and advertising injury" which is expected or intended from the standpoint of the insured or committed with the expectation of inflicting such injury. Coverage is further excluded for "personal and advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity. To the extent that the Matter alleges intentional acts, an expected injury or publication with knowledge of falsity against KDS, any potential resulting damages would be further precluded pursuant to exclusions **a.** and **p.(1)**.

The Business Liability Coverage further precludes coverage for "personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period. With respect to allegations pertaining to publication of material first published prior to the inception of any of the policy periods of the Policy, coverage may be further limited and/or precluded pursuant to exclusion **p.(2)**.

Moreover, the Business Liability Coverage also precludes coverage for "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. Coverage is also precluded for "personal and advertising injury" arising out of any breach of contract. As the Matter includes allegations of breach of implied contract, exclusions **b.** and **p.(4)** would further limit and/or preclude coverage for the Matter.

The Business Liability Coverage also does not provide coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service including, but not limited to, computer consulting, design or programming services, including web site design. Coverage is also precluded for "personal and advertising injury" arising out of an offense committed by an insured whose business is: **(a)** Advertising, broadcasting, publishing or telecasting; **(b)** Designing or determining content of web sites for others; or **(c)** An Internet search, access, content or service provider. The Policy lists KDS' description of business as "TECHNOLOGY SERVICE PROVIDER" and the Matter claims that that KDS developed and maintained the electronic medical record system at issue in the Matter. In light of these allegations, exclusions **j.** and **p.(8)** may further bar coverage for the Matter.

MT00057

Additionally, the Business Liability Coverage does not provide coverage for restitution or costs associated with declaratory or injunctive relief as these do not constitute damages under the Business Liability Coverage. Further there may be no coverage under the Business Liability Coverage for any awards of punitive or exemplary damages or damages arising from any alleged intentional act.

For all of the reasons stated above, The Hartford has determined that it has no duty to defend or indemnify KDS for the allegations of the Matter under the Business Liability Coverage.

**Umbrella Liability Coverage**

Umbrella Liability coverage is provided pursuant to UMBRELLA LIABILITY PROVISIONS SX 80 02 04 05, modified in relevant part by FOLLOWING FORM ENDORSEMENT – PERSONAL AND ADVERTISING INJURY SX 24 33 06 10 and EXCLUSION - ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABILITY WITH LIMITED BODILY INJURY EXCEPTION SX 23 15 12 15. The Umbrella Liability Coverage provides the following language, quoted in relevant part:

> *SECTION I - COVERAGES*
> *INSURING AGREEMENTS*
> **A.    Umbrella Liability Insurance**
>   *1.    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.***
>   *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE SETTLEMENT.***
>   *2.    This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:*
>     *a.    The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period"[…]*

The Umbrella Liability Coverage states "except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy. The Umbrella Liability Coverage also contains the following relevant definitions:

> *A.    **"Accident"** includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".*
>
> *D.    **"Damages"** means a monetary award, monetary settlement or monetary judgment. "Damages" includes prejudgment interest awarded against the "insured" on that part of the judgment we pay.*
> *The following are not considered "damages" and are not covered by this policy;*
>   *1.    Fines, penalties, sanctions or taxes;*
>   *2.    Attorney's fees and costs associated with any non-monetary relief awarded against the "insured" or;*
>   *3.    Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(a) applicable to the construction of this policy.*
>
> *F.    **"Occurrence"** means*
>   *1.    With respect to "bodily injury" or "property damage": an accident, including continuous or repeated exposure to substantially the same general harmful conditions, and*
>   *2.    With respect to "personal and advertising injury": an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".*

MT00057

> *I.*  *"Underlying Insurance"* means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof which provide the underlying coverages and limits stated in the Schedule of Underlying Insurance Policies…

As outlined above, the Umbrella Liability Coverage is not impacted unless and until the applicable limits of liability or self-insured retentions for the underlying insurance has been properly exhausted. In addition, any obligations The Hartford might owe under the Umbrella Liability Coverage are subject to all other terms, conditions, endorsements and/or exclusions of the Umbrella Liability Coverage. To date, the underlying limits of liability or self-insured retention have not been exhausted.

In addition, as stated above with respect to the Business Liability Coverage, there is no coverage as the Matter does not assert claims for potentially covered damages because of "bodily injury" or "property damage" caused by an "occurrence" or for "personal and advertising injury" caused by an offense that takes place during the policy period.

The Umbrella Liability Coverage also contains the following additional relevant exclusionary language:

> ***SECTION I - COVERAGES***
> **B.    Exclusions**
> *This policy does not apply to:*
> **4.    Personal and Advertising Injury**
> *This policy does not apply to "personal and advertising injury".* **EXCEPTION**
> *This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies [as modified by SX 24 33 06 10].*

Exclusion **B. 4.** precludes coverage for "personal and advertising injury."  The exclusion contains an exception if the "underlying insurance" provides coverage.  As previously discussed, The Hartford has determined that the Business Liability Coverage does not provide any potential coverage for the allegations of the Matter constituting "personal and advertising injury".  As such, the exclusion applies to further bar coverage under the Umbrella Liability Coverage.

> ***SECTION I - COVERAGES***
> **B.    Exclusions**
> *This policy does not apply to:*
>
> **14.    Expected or Intended**
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".*
> *This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.*
>
> **22.    Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
> *Damages arising out of:*
> *(1)    Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or*
> *(2)    The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.*

> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by your or others arising out of that which is described in Paragraph (1) or (2) above.*
> *However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".*
> *As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or form computer software, including systems and applications software, hard or floppy disks CT-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment [as modified by SX 23 15 12 15].*
>
> ### *Access or Disclosure of Confidential or Personal Information*
> *"Personal or advertising injury" arising out of any access to or disclosure of any person's or organizations confidential or personal information including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information [exclusion added pursuant to SX 23 15 12 15].*
>
> ### *Limitation Of Coverage - Technology Services*
> *"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional services, including "technology services," as defined in this endorsement. This exclusion applies whether "technology services" are performed by you or by others on your behalf [exclusion added pursuant to SX 22 95 10 08].*

As noted above, the Umbrella Liability Coverage further bars coverage for "personal and advertising injury" and other damages arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. The Lawsuits contend that KDR failed to implement security standards to protect the students' private sensitive info and failed to monitor Weiss' activity resulting in violations of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030, Stored Communication Act, and Michigan Identity Theft Protection Act – MCL 445.61 et. seq., and HIPPA. In light of these allegations, exclusion **#22** and the ***Access or Disclosure of Confidential or Personal Information*** exclusion further preclude coverage for the Matter.

The Umbrella Liability Coverage also precludes coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional services, including "technology services", pursuant to the LIMITATION OF COVERAGE - TECHNOLOGY SERVICES endorsement. Under this endorsement, "technology services" includes: *consulting, analysis, design, installation, training, maintenance, support and repair of or on: software, wireless applications, firmware, shareware, networks, systems, hardware, devices or components*. The Policy lists KDS' description of business as "TECHNOLOGY SERVICE PROVIDER" and the Matter claims that that KDS developed and maintained the electronic medical record system at issue in the Matter. In light of these allegations, coverage is further precluded pursuant to this language.

Exclusion **# 14**. of the Umbrella Liability Coverage further precludes coverage for intentional acts. To the extent that plaintiffs assert that KDS' conduct was intentional, any potential resulting damages would be further excluded pursuant to this language.

For all of the reasons stated above, The Hartford has determined that it has no duty to defend or indemnify KDS for the allegations of the Matter under the Umbrella Liability Coverage.

**Conclusion**

MT00057

This communication is not intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to this matter. The Hartford hereby reserves all its rights, positions and defenses in the matter. The Hartford believes that this letter fairly informs you of its determination. Neither this communication, nor any prior or subsequent communications, should be construed as a waiver of any rights, positions or defenses held by The Hartford.

Based upon the foregoing, we have determined that there is no insurance coverage for this matter under the Policy and The Hartford will not provide legal counsel or provide coverage for any claims asserted in the Matter. This letter should not be taken to limit or waive any coverage defenses, regardless of whether they have been mentioned in this letter. We specifically reserve the right, to the fullest extent allowed by applicable law, to assert additional coverage defenses, whether or not previously asserted and whether or not based upon new information.

The Hartford reserves the right to supplement and/or to amend its coverage determination should facts and circumstances indicate the need to do so in connection with the Matter. If there is any information or documentation that you would like us to consider, please immediately bring the same to my attention. Also, should you have any questions regarding the foregoing and/or should you wish to discuss this matter in general, please do not hesitate to contact me.

Thank You,
The Hartford

*Quen Minnitt*

Quen Minnitt
Claim Representative
Direct 480-629-9331
Jacquendez.Minnitt@thehartford.com

Writing  Company Name: Hartford Casualty Insurance Company

CC:  ANDERSON INSURANCE GROUP INC via U.S.Mail

MT00057