IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEFFER DEVELOPMENT SERVICES, LLC, | : | CIVIL DIVISION |
| Plaintiff, | : | No. 2:25-cv-1114 |
| v. | : | The Honorable William S. Stickman |
| HARTFORD CASUALTY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Hartford Casualty Insurance Company ("The Hartford") hereby moves this court for an order dismissing the Complaint filed by Plaintiff Keffer Development Services, LLC ("Keffer") for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

1. Keffer owns Athletic Trainer System ("ATS"), which is a software used by various colleges and universities around the country to store health and other personal information about collegiate student athletes.

2. Keffer was named as a defendant in eleven lawsuits, each of which alleges that former University of Michigan football coach Matthew Weiss ("Coach Weiss") wrongfully accessed the personal and health information of dozens of female student athletes whose data was stored in ATS and used that information to obtain access to the students' social media and cloud accounts for

the purpose of viewing intimate photos and videos of the students.

3. In each of the eleven lawsuits (the "Weiss Lawsuits"), the plaintiffs allege that Keffer failed to prevent or detect this data breach by failing to implement reasonable, industry-standard security measures into the ATS software platform.

4. Keffer asserts that it is entitled to insurance coverage for the Weiss Lawsuits under a general liability insurance policy (the "Policy") issued to it by The Hartford pursuant to the Policy's coverage for "bodily injury" and "personal and advertising injury".

5. The Policy does not afford coverage for the Weiss Lawsuits because the allegations contained therein do not trigger the Policy's coverage for either "bodily injury" or "personal and advertising injury".

6. First, the Weiss Lawsuits do not trigger the Policy's coverage for "bodily injury" because the Policy affords such coverage only for alleged acts that result in physical injury, physical sickness, or physical disease, but the Weiss Lawsuits allege merely mental and emotional damages.

7. Pennsylvania law squarely forecloses the argument that mental and emotional damages, even those that manifest physically, can constitute bodily injury under a policy that requires a physical injury to trigger bodily injury coverage. *See Kline v. Kemper Grp.*, 826 F. Supp. 123, 129 (M.D. Pa. 1993), *aff'd*, 22 F.3d 301 (Table) (3d Cir. 1994); *Legion Indem. Co. v. CareState Ambulance, Inc.*, 152 F. Supp. 2d 707, 719 (E.D. Pa. 2001); *Zerr v. Erie Ins. Exchange*, 667 A.2d 237, 237 (Pa. Super. 1995).

8. Second, the Weiss Lawsuits do not trigger the Policy's "personal and advertising injury" coverage because Coach Weiss's unauthorized access to stored data does not satisfy the Policy's definition of "personal and advertising injury", which requires a wrongful entry into or invasion of the right of private occupancy of a room, dwelling, or other premises by an owner,

landlord, or lessor.

9. The ordinary meaning of these words requires a physical trespass onto real property, not the purely digital intrusion into electronically stored data that is alleged in the Weiss Lawsuits. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, No. 12-7228, 2015 WL 1456085, at *2, *9 (E.D. Pa. Mar. 31, 2015).

10. Moreover, Coach Weiss indisputably does not qualify as an owner, landlord, or lessor of Keffer's physical server spaces.

11. Even if the Policy's personal and advertising injury coverage was triggered, coverage would nonetheless be barred by the Policy's Information Disclosure Exclusion, which specifically precludes coverage in connection with the unauthorized access to or disclosure of personal or confidential information. *See State Auto Prop. & Cas. Ins. Co. v. Campbell*, No. 5:18-CV-173, 2020 WL 8188426, at *6 (N.D.W. Va. Apr. 17, 2020), *order clarified on reconsideration*, No. 5:18-CV-173, 2020 WL 8188421 (N.D. W. Va. July 14, 2020).

For the foregoing reasons, which are more fully stated in the accompanying Memorandum of Law and supporting Declaration, The Hartford respectfully moves this court to enter an Order dismissing Keffer's Complaint with prejudice.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Matthew W. Beato*
Matthew W. Beato (*pro hac vice*)
Megan E. Hovious (*pro hac vice)*
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
mbeato@wiley.law
mhovious@wiley.law

Bethann R. Lloyd (PA Bar No. 77385)
DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA 15219
Phone: (412) 586-2144
blloyd@d-wlaw.com

*Counsel for Defendant*
*Hartford Casualty Insurance Company*