IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEFFER DEVELOPMENT SERVICES, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, <br><br> *Defendant.* | Civil Action No. 2:25-cv-1114 <br><br> Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Keffer Development Services, LLC ("Keffer") filed a complaint against Defendant Hartford Casualty Insurance Company ("Hartford") due to Hartford's refusal to provide Keffer with coverage in an underlying action.[1] (ECF No. 1). Hartford provided Keffer with a general insurance policy ("Policy"), operative from July 2, 2014, to July 2, 2025. (*Id.* ¶ 7); (ECF No. 18, p. 17). At Count I, Keffer seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202, asking the Court to declare the following: that Hartford has a duty to defend and a duty to indemnify Keffer, and to further articulate the appropriate payment of counsel fees and other relief as the Court deems appropriate. (*Id.* ¶¶ 6, 56). At Count II, Keffer alleges Hartford breached the insurance policy by denying coverage to Keffer in relation to actions filed against it in a pending multi-district litigation ("MDL") lawsuit. (*Id,* ¶¶ 57–59); (ECF No. 18, p. 7). Keffer filed a motion for temporary stay of proceedings in this action until its motions to dismiss in the underlying

---

[1] The original complaint was brought against The Hartford Insurance Group, Inc.; however, that party was terminated, and the named defendant is now Hartford Casualty Insurance Company.

1

centralized MDL are resolved. (ECF No. 19, ¶¶ 6, 8). Hartford filed a brief in opposition to Keffer's motion to stay proceedings. (ECF No. 21). For the following reasons, the Court will deny Keffer's motion to stay proceedings.

## I. FACTUAL BACKGROUND

Keffer provides technology services and "operates the electronic medical record software" Athletic Trainer Software ("ATS"). (ECF No. 1 ¶¶ 15–16). ATS "stores health and other personal information about collegiate student athletes," and the software is utilized by a variety of colleges and universities throughout the country. (*Id.* at ¶ 17). Hartford is the insurance company that provided the policy at issue to Keffer (*Id.* at ¶ 7).

### A. Underlying Proceedings

Eleven lawsuits (the "Weiss Lawsuits") were filed against multiple defendants, including Keffer—in relation to its ATS software—as well as several universities and Matthew Weiss ("Weiss"). (ECF No. 18, p. 7). The Weiss Lawsuits were originally filed in various federal courts but have since been transferred to the United States Court for the Eastern District of Michigan and consolidated into a centralized MDL. (ECF No. 19, ¶¶ 6–7). Plaintiffs in the underlying MDL allege that Weiss, the former University of Michigan Football coach, "wrongfully accessed the personal and health information belonging to dozens of female student athletes whose data was stored in ATS and used that information to obtain access to the students' social media and cloud accounts for the purpose of viewing" their "intimate photos and videos." (ECF No. 18, p. 1). Because of Weiss's actions, Plaintiffs allege that Keffer violated: (1) the Computer Fraud and Abuse Act (18 U.S.C. § 1030), (2) Title IX (20 U.S.C. § 1681(A) *et seq.*); (3) the Stored Communications Act; (4) the Michigan Identity Theft Protection Act (MCL 445.61 *et seq.*); and (5) Ohio data security laws. They also include claims against Keffer for negligence, recklessness,

invasion of privacy, breach of implied contract, unjust enrichment, and breach of fiduciary duty. (ECF No. 1, ¶ 25); (ECF No. 18, p. 10). Plaintiffs' alleged damages "are broad and general," but Keffer asserts that they "may include damages for physical bodily injury suffered" and "personal and advertising injury for invasion of the right of private occupants of a premises," thus entitling it to coverage under the Policy. (ECF No. 1, ¶¶ 26, 27, 54). There are currently several pending motions to dismiss filed on behalf of Keffer in the underlying MDL.[2] As such, Keffer has moved to stay the proceedings in this case until its motions to dismiss are resolved in the Eastern District of Michigan proceeding. (ECF No. 19). The briefing on the motions to dismiss will be complete on January 9, 2026. (ECF No. 21, p. 7).

---

[2] *See* (ECF No. 21, pp. 6–7) (citing (ECF No. 21-2)). The four motions to dismiss filed by Keffer in the MDL, between September 6, 2025, and October 17, 2025, seek to dismiss the following:
  (1) Violations of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, on the grounds that Keffer is not an electronic communication services provider as defined by statute and the complaints fail to allege knowing or intentional conduct by Keffer…
  (2) Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, on the grounds that the complaints do not allege unauthorized access by Keffer…
  (3) Violations of the Michigan Identity Theft Protection Act, on the grounds that the complaint fails to allege intent to defraud…
  (4) Violations of Ohio data protection stations, O.R.C. §§ 1349.19, 2913.49, on the grounds that the complaints fail to allege intentional conduct by Keffer…
  (5) Recklessness, on the grounds that Michigan courts do not recognize the standalone tort of recklessness…
  (6) Invasion of Privacy and Assault, on the grounds that the claimants do not allege that Keffer had control over Coach Weiss…
  (7) Breach of Implied Contract and Unjust Enrichment, on the grounds that the breach did not confer a benefit upon Keffer…
  (8) Civil Penalties for Criminal Acts, O.R.C. § 2307.60, on the grounds that Keffer has not been charged with a criminal act…

### B. Facts Relevant to Coverage Dispute

Keffer states that it informed Hartford of the claims asserted against it in the Weiss Lawsuits on May 1, 2025. (ECF No. 1, ¶ 38). Specifically, Keffer requested that Hartford provide coverage under the Policy's Business Liability Coverage Form that covers "bodily injury" and "personal and advertising injury." (ECF No. 1, ¶¶ 26, 29, 30); (ECF No. 21, p. 7). In response, Hartford issued a "denial letter" that it sent on May 21, 2025. (*Id.* ¶ 39). The denial letter, according to Keffer, rejected Keffer's request for "coverage as to only the Eastern District of Michigan's cases." (*Id.*). Hartford's denial letter stated, in part, "the Matter does not allege damages because of physical injury, sickness, or disease sustained by a person caused by an accident, nor does it allege physical injury to or loss of use of tangible property caused by an accident." (*Id.* ¶ 40) (quoting (ECF No. 1-4, p. 4)). In response to Hartford's refusal to provide coverage for the Weiss Lawsuits, Keffer filed its complaint, requesting that the Court find that Hartford is required to provide coverage in the MDL action in accordance with the Policy. (ECF No. 1). Hartford filed a motion to dismiss Keffer's complaint, stating, "the type of injuries alleged in the Weiss Lawsuits—which do not involve in-person, physical conduct—cannot, as a matter of law, trigger either of the specific insuring provisions under which Keffer seeks coverage." (ECF No. 21, p. 8).

## II. STANDARD OF REVIEW

"A stay is an extraordinary measure." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). The Supreme Court noted, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay is not a matter of right, but rather a matter for a court's discretion. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Notably, "A

4

United States district court has broad power to stay proceedings. 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis*, 299 U.S. at 254). A court can determine whether a stay is appropriate through "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255). Exercising its discretion, a court "may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215.

A party requesting a stay has the burden of persuasion, in which he "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. A court must weigh three factors when deciding whether to grant a motion to stay proceedings pending resolution of an underlying action in federal court: "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *Ciolli v. Iravani*, No. 2:08-cv-02601, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, No, 99-CV-4304, 2004 WL 1615307, at *7 (E.D. Pa. July 16, 2004)).

### III.    ANALYSIS

In addition to weighing the aforementioned factors, the Court must analyze the underlying MDL motions to ascertain whether those motions will affect the outcome of this coverage dispute. *See Maryland Cas. Co. v. Consumers Fin. Serv. of Pa.*, 101 F.2d 514, 515–16 (3d Cir. 1938). The Third Circuit held that a declaratory judgment remedy "may not be refused...because of the

pendency of another suit, if the controversy between parties will not necessarily be determined in that suit." *Id.* at 515 (finding in declaratory judgment action between insurer and insured where the underlying claim was between insured and third-party that the extent of coverage would not be resolved in underlying suit, only the issue of liability, and insurer was entitled to have the extent of the coverage of its policy declared). When a motion to stay is requested pending the resolution of an underlying motion to dismiss, the Court must decide whether the motion to dismiss will be dispositive as to the outcome of the current action.³ *Coca-Cola Bottling Co. Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993).

> Where there is a motion to dismiss for failure to state a claim upon which relief can be granted, the court should take a preliminary look at the allegedly dispositive motion to seek whether there is a challenge as a matter of law or to the sufficiency of the allegations. Where the motion merely addresses the sufficiency of the complaint, 'resolution of the pending motion is not necessarily dispositive because the pleadings may be amended to correct deficiencies.'

*Id.* (internal citations omitted).

In reviewing Keffer's motions to dismiss the MDL claims, the Court finds that the issues of coverage—specifically Hartford's duty to defend and indemnify—are not relevant and will not be resolved. This declaratory judgment action, brought by Keffer, seeks the Court's review and determination of Hartford's coverage obligations under the Policy. Keffer claims that Hartford must provide coverage for Keffer in the MDL proceedings under the "Policy's Business Liability Coverage Form's coverage for 'bodily injury' and 'personal and advertising injury.'" (ECF No.

---

[3] Courts in this circuit have addressed the issue of staying discovery pending resolution of dispositive motions: "the decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. A stay of discovery is not appropriate solely because a motion to dismiss is pending. But, a stay can be proper where the likelihood that such a motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co., LLC*, No. 3:08-288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (internal citations omitted).

21, p. 7) (citing (ECF No. 1, ¶¶ 26, 29, 33)). Hartford contends that Keffer's motions to dismiss in the MDL proceedings are based on insufficient factual allegations. (ECF No. 21, p. 9).

The motions to dismiss, offered as exhibits, confirm that Keffer has moved to dismiss based on the MDL Plaintiffs' failure to allege facts supporting their claims against Keffer. *Id.* (*See also* (ECF Nos. 21-1–4)). Whether the MDL Plaintiffs' potential injuries are covered by the Policy is not at issue in the motions to dismiss. Although Keffer claims "if the Motions are granted, the coverage dispute in the instant matter will likely be narrowed or more clearly defined," it provides no explanation as to how its motions to dismiss are related to potential coverage for the MDL Plaintiffs' purported injuries. (ECF No. 19, ¶ 13). While Keffer's motions to dismiss could be granted without prejudice—affording Plaintiffs leave to amend—the issues of coverage, central to this litigation, will not be addressed.

The Court need not stay proceedings for purposes of deciding the declaratory judgment action, "[t]he rule everywhere is that the obligation of a casualty insurance company to defend an action brought against the insured is to be determined *solely* by the allegations of the complaint in the action." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) (quoting *Wilson v. Md. Casualty Co.*, 105 A.2d 304, 307 (Pa. 1954)) (emphasis in original). The Court must decide on Hartford's coverage obligations as required by the Policy—the Court need only look to the Policy, as provided by the parties, and the underlying MDL complaint. The Court need not stay its declaratory judgment proceedings pending the motions to dismiss—the outcome of which concerns Keffer's possible liability, as opposed to the issue of coverage. For the following reasons, the Court will deny a stay and proceed with the current action.

### A. Keffer has failed to show that staying the proceedings would promote judicial economy.

Keffer, in support of its motion to stay, stated that "in the interest of judicial economy, and in order to avoid the waste of resources by the parties and the Court in this matter, Plaintiff requests this Court stay the instant matter" until the underlying motions to dismiss are resolved. (ECF No. 19, ¶ 14). Keffer's only assertion contemplates that a stay will save the Court from a "potential need…to revisit any future rulings issued prior to a ruling on the pending Motions to Dismiss." (*Id.* ¶ 15). The Court finds that Keffer did not satisfy the burden of showing the stay would benefit judicial economy. Instead, delaying the current action may harm judicial economy. The same was true when the United States Court of Appeals for the Third Circuit held:

> The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement. So viewed, the controversy is then quite proper for a judicial determination now. To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs. But declaratory judgment relief was intended to avoid precisely the 'accrual of avoidable damages to one not certain of his rights.'

*ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981) (quoting *Dewey & Almy Chem. Co. v. Am. Anode, Inc.*, 137 F.2d 68, 69–70 (3d Cir. 1966)).

When, as here, the current lawsuit and the MDL lawsuit "involve different parties, different sets of specific facts, different causes of action, and different issues of law…we do not believe that duplicative discovery, waste of judicial resources, and inconsistent adjudication will result without a stay." *Ciolli v. Iravani*, No. 2:08-cv-02601, 2008 WL 4412053, at *2 (E.D. Pa., Sept. 23, 2008). Similarly, in *Allied World Specialty Ins. Co. v. Indep. Blue Cross*, No. 17-1463, 2017 WL 4922177, at *4 (E.D. Pa. Oct. 31, 2017), the United States District Court for the Eastern District of Pennsylvania reasoned that because the insurance company "was not a party to the underlying

MDL action and the MDL litigation did not 'involve interpretations of insurance policy provisions'" which was central to the instant declaratory judgment action, a motion to stay was not appropriate.

Although it is true that both the MDL and this instant action stem from Weiss's alleged use of Keffer's ATS software, Hartford is not a party to the MDL and the suits involve different causes of action and different issues of law.

**B. Keffer failed to show that the stay would prevent harm for either party.**

Keffer's brief did not touch upon the second factor for justifying its motion to stay. Hartford, however, asserts that staying the declaratory judgment action "will only serve to needlessly prolong this litigation and deny certainty to both parties." (ECF No. 21, p. 12) (citing *Victoria Ins. Co. v. Mincin Insulation Servs.*, No. 08-909, 2009 WL 90644, at *5 (W.D. Pa. Jan. 14, 2009)). The Court agrees with Hartford and finds that staying the current action "denies the insurer the benefit of the declaratory remedy." *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1220–21 (3d Cir. 1989). Moreover, as the proponent of staying this action, Keffer failed to meet its burden by failing to address potential harms it may suffer if a stay is denied.

**C. Keffer did not address the duration of its requested stay.**

Because the briefing period for Keffer's motions to dismiss in the underlying MDL does not conclude until January 9, 2026, the duration of a stay in this action is unknown. Several courts in this Circuit have found that "[s]tays of indefinite duration are especially discouraged…because they put the parties 'effectively out of court.'" *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-cv-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) (quoting *Dover v. Diguglielmo*, 181 F. App'x 243, 237 (3d Cir. 2006)). Further, the Third Circuit noted that staying proceedings for an indefinite duration can, in and of itself, impose hardship on the non-moving party. *Gold v.*

9

*Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983). Keffer's brief in support of staying proceedings does not speak to possible duration.

### IV. CONCLUSION

For the foregoing reasons, Keffer's motion to stay the proceedings will be denied by Order of Court to follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

\___1-6-2026_____
Dated