IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEFFER DEVELOPMENT SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendant. | : | CIVIL DIVISION<br><br>No. 2:25-cv-1114<br><br>The Honorable William S. Stickman |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S REASSERTED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court's January 29, 2026 order, Defendant Hartford Casualty Insurance Company ("The Hartford") hereby reasserts its Motion to Dismiss the Complaint filed by Plaintiff Keffer Development Services, LLC ("Keffer") for failure to state a claim upon which relief can be granted as applicable to Keffer's First Amended Complaint (the "FAC"). In support thereof, Defendant states as follows:

1. Keffer initiated this action for coverage of the Weiss Lawsuits[1] by filing the Complaint on July 23, 2025. ECF No. 1.

2. On November 14, 2025, The Hartford filed its Motion to Dismiss the Complaint and accompanying Memorandum of Law in support thereof. ECF Nos. 17–18.

3. On November 14, 2025, Keffer moved the Court for an administrative stay of this

[1] Capitalized terms not defined herein are defined in The Hartford's Memorandum of Law in support of its Motion to Dismiss, ECF No. 18.

action, ECF No 19, which The Hartford opposed, ECF No. 21. The Court denied Keffer's Motion to Stay on January 6, 2026 and ordered Keffer to respond to The Hartford's Motion to Dismiss by January 28, 2026. ECF No. 24.

4. On January 28, 2026, Keffer moved the Court for leave to file an amended complaint. ECF No. 25. The Court granted Keffer's Motion for Leave to Amend on January 29, 2025. ECF No. 26. In its order, the Court advised The Hartford that if it did not believe the FAC cured the deficiencies set forth in its Motion to Dismiss, it could "reassert its Motion to Dismiss[,] . . . incorporat[ing] by reference the arguments set forth in its existing papers, filing only a supplement to address matters contained in the amendment, if necessary." ECF No. 26.

5. Keffer filed the FAC on January 29, 2026. ECF No 27. On January 30, 2026, the Court denied The Hartford's pending Motion to Dismiss as moot. ECF No. 28.

Pursuant to the Court's January 29, 2026 order, The Hartford hereby reasserts its Motion to Dismiss filed on November 14, 2025 at ECF No. 17, and incorporates by reference the arguments set forth therein and in The Hartford's accompanying Memorandum of Law in support thereof, ECF No. 18. As more fully stated in the accompanying Supplement in support of The Hartford's Reasserted Motion to Dismiss, the FAC fails to state a claim for coverage under the Policy. Accordingly, The Hartford respectfully moves this Court to enter an Order dismissing the FAC with prejudice.

Dated: February 12, 2026

Respectfully submitted,

*/s/ Matthew W. Beato*
Matthew W. Beato (*pro hac vice*)
Megan E. Hovious (*pro hac vice)*
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
mbeato@wiley.law
mhovious@wiley.law

Bethann R. Lloyd (PA Bar No. 77385)
DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA 15219
Phone: (412) 586-2144
blloyd@d-wlaw.com

*Counsel for Defendant*
*Hartford Casualty Insurance Company*